IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN KING<br>33 Fairmont Drive<br>Columbus, NJ 08022 | Civil Action |
| Plaintiff, | No. _____ |
| v. | |
| LINCOLN FINANCIAL SERVICES, INC.<br>2001 Market Street<br>Philadelphia, PA 19103 | JURY TRIAL DEMANDED |
| Defendant. | |

## CIVIL ACTION COMPLAINT

AND NOW comes Plaintiff, Allen King, by and through his undersigned counsel, and files this Civil Action Complaint, averring as follows:

### I. Introduction

1. Plaintiff initiates this action to seek redress against Defendant, his former employer, for unlawful race discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, and other applicable law.

### II. The Parties

2. Plaintiff is Allen King, an adult individual currently residing at the above address.

3. Defendant is Lincoln Financial Services, Inc., a corporation, created and existing pursuant to the laws of the State of Indiana and registered to conduct business in the Commonwealth of Pennsylvania, with a place of business at the above address..

4.  At all times relevant, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

5.  Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act because it is engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

### III. Jurisdiction and Venue

6.  All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7.  The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8.  The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

9.  Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein).

### IV. Procedural and Administrative Remedies

10. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

11. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII of the Civil Rights Act as follows:

   a. On or about September 6, 2007, Plaintiff filed a timely written charge of discrimination (No. 530-2007-03595) against Defendant with the Philadelphia office of the Equal Employment Opportunity Commission alleging race discrimination and retaliation;

   b. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on the foregoing charge on or about May 29, 2008;

   c. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice.

12. Plaintiff also cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission and will amend his Complaint to include a claim under the Pennsylvania Human Relations Act upon the expiration of the applicable period for investigation.

13. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

### V. Factual Background

14. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15. Plaintiff is African American.

16. Plaintiff was employed by Defendant from January 16, 2006 until August 23, 2007 as a Senior Production Manager.

17. Plaintiff was supervised by the Director of Operations.

18. During the period in which the Director of Operations left the company, Plaintiff reported to Sue Wolski (Caucasian), the Director of Creative Services.

19. Ms. Wolski failed include Plaintiff in department meetings; disparaged Plaintiff's suggestions; and told a newly-hired, Caucasian Production Manager (Jim Grey) to "take the lead" on production issues.

20. Plaintiff complained to David Bolz, a member of Defendant's Human Resources Department, about the foregoing conduct, as well as his dissatisfaction with a performance review.

21. On August 23, 2007, Plaintiff was terminated.

22. Although Plaintiff was told that his position had been eliminated, two Caucasian Production Managers (Mr. Grey and Rebecca Chase) were not terminated.

23. Mr. Grey was hired as a Production Manager after Plaintiff.

24. Ms. Chase was promoted to the position of Production Manager after Plaintiff was hired.

### Count I
### Title VII –Race Discrimination

25. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

26. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff because of his race.

27. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

### Count II
### Title VII –Retaliation

28. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

29. In complaining about race discrimination, Plaintiff engaged in conduct that is protected under Title VII of the Civil Rights Act.

30. The foregoing conduct by Defendant constitutes unlawful retaliation against Plaintiff because of his complaints about race discrimination.

31. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

### Count III
### 42 U.S.C. § 1981

32. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

33. At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant.

34. At all times relevant herein, Defendant acted by and through its agents, servants, and employees to intentionally discriminate against Plaintiff as a result of his race (African-

American) and thereby deny him the benefits of the contractual relationship she had entered or sought to enter with Defendant.

35. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

*WHEREFORE*, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendant and that it enter an Order as follows:

   a. Defendant is to be permanently enjoined from discriminating against Plaintiff on the basis of his race and/or any basis prohibited under applicable federal and state law;

   b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their race, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

   c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein;

k. Plaintiff's claims against Defendant are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand

on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

>Respectfully submitted,
>
>TIMOTHY M. KOLMAN AND ASSOCIATES
>
>By: /s Timothy M. Kolman
>Timothy M. Kolman, Esquire
>Wayne A. Ely, Esquire
>Rufus A. Jennings, Esquire
>Attorneys for Plaintiff
>225 N. Flowers Mill Road
>Langhorne, PA 19047
>(215) 750-3134

August 20, 2008